IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN A. BRYANT, JR.,

    Plaintiff,

v.                              Civil Action No. 3:17CV459

REBECCA SUE COLAW,

    Defendant.

**MEMORANDUM OPINION**

John A. Bryant, a federal inmate proceeding pro se and in forma pauperis, has filed this Bivens[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va.

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.

1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Mr. Bryant named as the sole defendant, Rebecca Sue Colaw. Ms. Colaw served as appointed counsel for Mr. Bryant during Mr. Bryant's appeal of his criminal conviction from this Court to the United States Court of Appeals for the Fourth Circuit. (Compl. 3.) Mr. Bryant contends that Ms. Colaw's deficient performance deprived him of his constitutional right to the effective assistance of counsel. (Id.) Mr. Bryant demands monetary damages. (Id. at 9.)

"In order to state a viable Bivens claim, a plaintiff must allege facts which indicate that a person acting under color of federal authority deprived him or her of a constitutional right." Williams v. Burgess, No. 3:09CV115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (footnote omitted) (citing Goldstein v. Moatz, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Private attorneys and public defenders do not act under color of federal authority when they represent defendants in criminal proceedings. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Cox v. Hellerstein, 685

F.2d 1098, 1099 (9th Cir. 1982) (holding that attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or <u>Bivens</u>); see <u>Bagguley v. Cogburn</u>, Nos. 89-7102, 89-7103, 1990 WL 139323, at *1 (4th Cir. Sept. 26, 1990). Accordingly, as Mr. Bryant has failed to state a viable claim against Ms. Colaw, the action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Mr. Bryant.

Date: December 28, 2017
Richmond, Virginia

/s/  REP
Robert E. Payne
Senior United States District Judge

5